OPINIO N of the Court, by
Judge Logan.
— -Thi* is a suit for land under conflicting claims. Thorp was the complainant below, and we shall therefore proceed ®rst io examme validity of his' claim. His entry was made on the 28th of March 1783, in these words, “ James Thorp enters 1780 acres, &c. to join the above OQ ⅛6 west, beginning at his northwest corner, and run- . , . , ° , , r „ with the same south and- west tor
The entry to which this refers is for 1000 acres in the name of Otho Thorp, which calls to lie “ on the waters of the Beech fork and the Rolling fork, beginning at the northwest corner of the above entry, run-with the same south and west for
Otho Thorp’s entry refers to William Thorp’s entry Qf 1000 acres, which calls for the waters of the Beech f°rk, “ beginning at William Irvine’s northwest corner, and to run with his line south 600 poles and westward-for
William Irvine’s entry is for 2578 acres,on the waters of the Beech fork, beginning at Isham Prewetl’s northwest corner of his 400 acre entry on Wallace’s line, running with Prewett’s line to the countv line, and with the county line south, and with Wallace’s line and Clarke’s line, and out westwardly for quanti-⅜ n *
-- Isham Prewett’s 400 acre entry calls for the waters Gf the Beech fork, “ beginning on the county line at Ca- *491 feb Wallace’s south corner, and to extend with the said Wallace’s line and the county line for quantity.”
Entrr JSaiuw* from the head of Pkafaot ran, into the Beech iork> ⅛<=⅛&⅜ cieJf^níSe water» of Rol-⅛⅞ fork, be. ¿⅝ creek and to e*tcnd ⅜ both
Pkafant run generan? known
cretk and Lkk "“k mtan# otheTcreekan! fwer» the def. “'ftion of the « the first crui," and bo creek and that known by. ^ namc ®
Which of ms forks, of í.¡ck '⅛⅛⅛¾ **- by the C0“J ««¿"nearer to one than the ⅛⅝⅞ ⅛ extend sp M sida-* th# survey ⅜01" the upper torfc -would ia^-e *ery little land on both sid«s ot the creek
*491 The last link in this chain of entries is an entry in the name of Caleb Wallace, of 100<⅞ acres,4* on the head waters of the Beech fork, beginning where the county line first strikes the main Beech fork from the north, running with the said county line south 4(JO poles, and westwardly for quantity.”
The position of this entry is not difficult to, ascertain. The county line had been previously run, and was well marked, particularly where it crossed water courses,, Sec. It seems to have been pretty well known at the crossing of the Beech fork called for, and front its object and places of beginning and termination designated by law, was a good and valid cal! in an entry. Wallace’s entry should therefore begin on the county line where it strikes the Beech fork on the north side, thence crossing said stream with the county line south 40Q poles, thence west at for
Prewett’s 460 acres should bind equal distances on the county line and Wallace’s south boundary, thence at right angles including the quantity in a square.
Irvine’s entry should be laid down adjoining Prew-ett’s on the west and south, running with the county line south, and with Wallace’s line, &c. west equal dis-tauces from those corners of Prewett on the county line and Wallace’s line, and thence at right angles, to include the quantity of 2578 acres as nearly in a square as Prewett’s claim will permit. '
William Thorp’s entry oí 100©, acres must begin at Irvine’s northwest corner, and run with his line south 600 poles, and thence at right angles west for quantity.
The manner of surveying Qfrho Thorp’s entry is the next question presented. It is contended that this entry has been correctly surveyed by adjoining William Thorp’s its full length of 60© poles on the west side, and thence west for quantity.
^ If it were a case of the first impression the argument would deserve farther consideration ; but the point has been too long settled by this court ⅛ repeated adjudications to be now shaken, and particularly in the case of Cleland vs. Thorp, Hug. Rep. 100, upon this same chain of entries, and the manner of surveying the veiy one sow under consideration. This entry ought to, be *492 surveyed in a square, beginning at William Thorp’s northwest corner, thence south and west equal distances to include the quantity of 100© acres.
The tavey directed, in one ot more surveys ⅛ the lower line tf.cttd fc? ⅛⅞ creek at the ⅛>⅛> the wr«y rectangular, lines up the creek fetretUi to the geneia 1 course of creek from fork to head ; length ot linea fuch as barely to take in the waters of the the the the the Rolling fork.
A doubt aríf-ing about which of two branches will lead to the bead of the creek, that ihail be taken vyhiph operates moll favorably to the adverfary claim»
If this farvey $»aH not include the creek in all its windings yet this manner of fur* veyirrg is to be jiurfued, as be-ingmoft rational and ieaft in - furious to the adverfary.
And James Thorp’s entry ought then to be surveyed to adjoin Otho Thorp’s on the west, beginning at his northwest corner, and running south and west equal distances, including the quantity of 1780 acres in a square. Having thus placed the appellee’s claim, we come now to examine that of the appellants. They claim under an entry made on the 15th of May 1780, as follows : “ Cuthbert Bullitt enters 4300 acres, &c. near a northeast course from the head of Pleasant run, upon the first creek that runs into the Beech fork, including the head of the creek and the waters of the Bolling fork, beginning at the fork of Lick creek, and t© extend up on both sides for quantity.”
The head of Pleasant run seems to have been sufficiently known at the date of the entry to justify the cal! for it. But Pleasant run being known, and there was no difficulty in ascertaining the first creek in a north-eastwardly direction from it.
The entry calls to lie on this creek, beginning at the fork of Lick creek, &c. Some doubt has arisen, whether a subsequent locator could justly have supposed this to be the same creek. But from the evidence in the cause relating to this creek by that name, although it does not prove it to Stave been notorious at the date of the entry, yet it seems pretty strongly to be inferred that it was known to several by that name. And as no other water course is shewn invalidating the identity of this creek, as the same one intended in both expressions of the entry ; when to this consideration is added the calls to lie on it, being the first creek northeast-wardly from the head of Pleasant run, including the head thereof as thus described ; and also the expression in the entry in reference to Lick creek, “ to extend up on both sides for quantity,” the conclusion is satisfactory in taking the expressions as relating to one creek only.
The next inquiry is as to the fork of this creek. The testimony, so far as it relates to a fork ot the creek, unites on one place. But another fork is represented on the plat much nigher the htad of the creek. This however, is proven, and indeed so appears from the *493 plat, to be but a fork of the bead branches of the creek. But the calls in the entry for the head of the creek, and for the waters of the Rolling fork, both are favorable to the upper fork; especially, as the lower fork ui the creek, connected with the other calls, would extend the claim at least three times as long as wide. But on the other hand a northeast course from the head of. Pleasant run would strike the creek considerably nigher the lower fork ; and the call, “ to extend up on both sides for quantity,” is very strong in excluding- the upper fork contended for. Upon the whole, regarding the evidence relative to the forks of the creek, the course given from the head of Pleasant run, the call to extend up on both sides for quantity, and that the upper fork is near the head, which would place very little of the claim on both sides of the creek, but would barely include its head branches, we are of opinion that the lower fork is the place of beginning.
The entry should have been surveyed by ,one or more surveys extending up on both sides of the creek, its lower boundary bisected by the creek at the fork, and regulating its course by passing equidistant from its head with the opposite lines, continuing the same, course just to include the waters of the Rolling fork. But two prongs are presented as leaving it doubtful which leads to the head of the creek. It is therefore the opinion of the court, that the most westwardly one, it being most favorable to the adversary claim, should be taken as the one in this case.
We are aware that a survey thus made will probably not include the creek in every part from the fork up, owing to its bends. This, however, seems to the court to be the most rational mode of placing it, and is the least injurous tc> the opposing claim.
The decree of the court below must be reversed with costs, and cause remanded for a decree agreeable to the loregoing opinion.